1 HARMEET K. DHILLON
Assistant Attorney General
2 Civil Rights Division
JESUS A. OSETE
3 Principal Deputy Assistant Attorney General
R. JONAS GEISSLER
4 Deputy Assistant Attorney General
ANDREW M. DARLINGTON (FL No. 1018895)
5 Senior Counsel
GREGORY DOLIN (DC No. 497455)
6 Senior Counsel
   United States Department of Justice
7    950 Pennsylvania Avenue, NW
   Washington, D.C. 20530
8    Telephone: (202) 550-5305
   E-Mail: andrew.darlington@usdoj.gov
9

10 Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| UNITED STATES OF AMERICA, | Case No. ^^^^^^^ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| THE DISTRICT OF COLUMBIA, CHIEF OF POLICE PAMELA SMITH, in her official capacity as Chief of the Metropolitan Police Department of the District of Columbia, the METROPOLITAN POLICE DEPARTMENT OF THE DISTRICT OF COLUMBIA. | |
| Defendants. | |

     Plaintiff, the United States of America, by and through its undersigned counsel, hereby brings this action against defendants the District of Columbia, Chief of Police Pamela Smith ("Chief Smith"), in her official capacity as Chief of the Metropolitan Police Department of the District of Columbia, and the Metropolitan Police Department of the District of Columbia ("MPD") (collectively "DC Defendants"):

**INTRODUCTION**

1. On February 10, 2003, Dick Heller, an active-duty special policeman, sued the local government of our Nation's capital because the D.C. Code did not trust him to possess a firearm in his home for self-defense. Five years later, the U.S. Supreme Court found in favor of Mr. Heller and recognized that law-abiding citizens have the right to possess arms protected under the Second Amendment inside the home for lawful purposes such as self-defense. As the Court explained, the Second Amendment protects the right to "keep and bear" those arms that are "in common use today." *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 47 (2022); *District of Columbia v. Heller*, 554 U.S. 570, 627 (2003).

2. Less than a year later, the Council of the District of Columbia ("Council"), the governing body of our Nation's capital, amended its broad gun possession registration requirement to carve out—in response to *Heller*—a requirement that someone who is not a registered gun owner may *only* possess a registered gun owner's gun if that person would otherwise qualify to register the gun, and *only if* that person reasonably believes that such possession is necessary to prevent their imminent death or great bodily injury. *See* D.C. Code § 7-2502.01(b)(4) (2023).

3. Over the years since *Heller*, the Council continued its efforts to infringe the Second Amendment-protected "right of the people to keep and bear arms" through limiting law-abiding citizens' ability to register commonly used firearms and criminalizing the possession of firearms that it refuses to register.

4. Specifically, the District denies law-abiding citizens the ability to register a wide variety of commonly used semi-automatic firearms, such as the Colt AR-15 series rifles, which is among the most popular of firearms in America, and a variety of other semi-automatic rifles and pistols that are in common use. *See* D.C. Code § 7–2501.01.

5. Indeed, D.C's current semi-automatic firearms prohibition that bans many commonly used pistols, rifles or shotguns is based on little more than cosmetics, appearance, or the ability to attach accessories, and fails to take into account whether the

1 prohibited weapon is "in common use today" or that law-abiding citizens may use these weapons for lawful purposes protected by the Second Amendment. *See Heller*, 554 U.S. at 47. Therefore, the District's restrictions lack legal basis.

6. Acting pursuant to the authority granted them by the D.C. Code governing Washington, D.C., Chief Smith and the MPD enforce the provisions of the District of Columbia Code. These provisions include the power to approve or deny certificates of registration for firearms. Their decisions to deny certificates of registration for commonly possessed semiautomatic firearms run afoul of binding Supreme Court precedent and therefore trample the Second Amendment rights of law-abiding citizens.

7. This case concerns much more than dormant, bad law. It concerns the very real requirement that the DC Defendants have acted and are continuing to act in blatant disregard to our Constitution and the rulings of our Nation's highest court.

8. The United States of America brings this lawsuit to protect the rights that have been guaranteed for 234 years and which the Supreme Court has explicitly reaffirmed several times over the last two decades.

**PARTIES**

9. Plaintiff is the United States of America.

10. Defendant Washington, D.C. is a governmental entity within the meaning of 34 U.S.C. § 12601, is responsible for funding Defendants Chief Smith and MPD, and is responsible for its acts or omissions.

11. Defendant Chief Smith is the current Chief of Police for the MPD. In that capacity, Chief Smith has the authority and obligation to enforce the laws of D.C. *See* D.C. Code § 5-105.01. Additionally, the Chief or her designee promulgate rules or regulations and implement gun registration and licensing within D.C. *See* D.C. Mun. Regs. tit. 24, § 2305.1.

12. Defendant MPD is the law enforcement agency that enforces the laws within Washington, D.C. *See* D.C. Code § 5–105.05. MPD serves as the gun registration and licensing office for all applicants within Washington, D.C. *See* D.C. Mun. Regs. Tit. 24,

§ 2305. Additionally, MPD has and exercises authority to arrest individuals committing a violation of criminal law in their presence, including when in the home of a law-abiding citizen who possesses an unregistered firearm, irrespective of whether the possession of such a firearm is constitutionally protected under *Heller* and progeny. *See* D.C. Code § 23-581.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3), and 1345.

14. The United States is authorized to initiate this action against all DC Defendants and seek equitable and declaratory relief under the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601(b).

15. Venue is proper in the Federal District of Columbia pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because all DC Defendants carry out their duties and operations within the District of Columbia, and the events, duties, obligations, or omissions giving rise to this claim, including the continued authority and duty to fine or arrest law-abiding citizens in violation of their Second Amendment rights, occurred and continue to occur within the Federal District of Columbia.

## BACKGROUND

16. Law-abiding citizens have a constitutional right to possess a "firearm in the home operable for the purpose of immediate self-defense." *Heller*, 554 U.S. at 635. This right extends to those arms that are "in common use today." *Bruen*, 597 U.S. at 47.

17. District of Columbia criminalizes possession of firearms not registered with the MPD. D.C. *See* D.C. Code § 7-2502.01(a) ("No person or organization in the District shall possess or control any firearm, unless the person or organization holds a valid registration certificate for the firearm."); D.C. Code § 2507.06.

18. Certain categories of firearms may never be registered in D.C., which means they may never be legally possessed inside the home by law-abiding citizens for

4

self-defense, public defense, target shooting, or other lawful purposes. *See* D.C. Code § 7-2502.02(a).

19. The registration prohibition extends to an array of weapons currently in common use in America, including semi-automatic rifles like the AR-15 and numerous other pistols and shotguns. *See* D.C. Code § 7-2501.01(3A)(A)[1].

20. Other semi-automatic weapons defined as a prohibited "assault weapon" include, for example: a) "semiautomatic pistol[s] that ha[ve] the capacity to accept a detachable magazine and . . . a threaded barrel"; and b) "[a] semiautomatic shotgun that has . . . a pistol grip that protrudes conspicuously beneath the action of the weapon." *Id*. The term "pistol grip" is not defined. *Id*.

21. If a law-abiding citizen possesses a Second Amendment-protected firearm that is not registerable in D.C. in the home for the lawful purpose of self-defense, that individual faces anything from an administrative fine to a criminal misdemeanor conviction punishable by up to one year in jail and a $2,500 fine. *See* D.C. Code §§ 7-2507.06(a), (b)(1) (allowing for an administrative disposition of certain offenses at the prosecution's discretion); 22-3571.01(b)(5).

22. Chief Smith and MPD routinely arrest law-abiding citizens for possessing firearms that are protected under the Second Amendment but not registerable in D.C. *See* D.C. Code § 23-581. Upon information and belief, DC Defendants will continue to execute their duties as prescribed by law.

---

[1] The United States Court of Appeals for the District of Columbia in *Heller v. D.C.*, 670 F.3d 1244 (D.C. Cir. 2011), upheld the registration prohibitions at issue in the present litigation, but that court utilized "intermediate scrutiny." Subsequently, the U.S. Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, (2022), expressly repudiated application of intermediate scrutiny to its current two-prong test requiring plaintiffs to show the conduct is protected by the Second Amendment, then shifting the burden to the defendants to show the regulation or enforcement action is within the Nation's historical tradition. Accordingly, the Circuit court's assessment does not bar the current claim and is not binding precedent. Moreover, then-Judge Kavanaugh reached the opposite conclusion employing the text, history, and tradition test ultimately adopted by *Bruen*.

23. The Attorney General for the District of Columbia and the Office of Attorney General for the District of Columbia have the authority to prosecute all misdemeanor firearm offenses and seek enforcement of related fines. *See* D.C. Code § 23-101(a).

24. As a result of conduct by all DC Defendants, which District of Columbia's law mandates, law-abiding citizens who own firearms protected under the Second Amendment are prevented from registering and, therefore, legally possessing within the meaning of local ordinance such firearms within our Nation's capital. *See* Def. Mot. Dismiss, *Yzaguirre v. District of Columbia*, No. 1:24-cv-01828 (D.D.C. Jan. 15, 2025), Dkt. No. 26.

25. As a result of conduct by all DC Defendants, which District of Columbia's law mandates, law-abiding citizens possessing firearms protected under the Second Amendment face arrest, fines, prosecution, and forfeiture of their property.

26. Unless and until this Court enjoins DC Defendants and enters the declaratory relief that the United States is seeking, DC Defendants will continue enforcing the unconstitutional provisions of D.C. law.

## COUNT I

**(Violation of 34 U.S.C. § 12601 – Unconstitutional Pattern or Practice of Preventing Possession of Firearms Protected under the Second Amendment by Law-Abiding Citizens for Lawful Purposes)**

27. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1-[[##]] above.

28. The United States is authorized under 34 U.S.C. § 12601(b) to seek declaratory and equitable relief to eliminate a pattern or practice of law enforcement officer conduct that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

29. The Second Amendment of the United States Constitution generally protects the right of law-abiding individuals to keep and bear arms in common use for lawful purposes such as self-defense while in the home. *See generally Heller,* 554 U.S. 570.

30. D.C. Code currently prohibits the registration of the AR-15 and other semi-automatic rifles, which makes it illegal for law-abiding citizens to possess these firearms in the home for lawful purposes. D.C. Code § 7-2501.01(3A)(A)(i)(I)(ee).

31. The AR-15 is a firearm in common use for lawful purposes.[2] Other semi-automatic rifles that D.C. code bans are also in common use by law-abiding citizens for lawful purposes.

32. Handguns "are the most popular weapon chosen by Americans for self-defense in the home . . . " *Heller*, 554 U.S. at 629.

33. Shotguns not otherwise barred by Federal law and protected under the Second Amendment are not only commonly used for lawful purposes, but they also provide an important means of self-defense. *See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 857-8 (2010) (Thomas, J., concurring).

34. There is no exception in the D.C. Code to the registration prohibition of firearms currently banned under the D.C. Code yet otherwise protected under the Second Amendment for law-abiding citizens seeking to possess them for lawful purposes.

35. There is no historically analogous prohibition of the broad ban of firearms that are in common use by law-abiding citizens for lawful purposes, such as self-defense inside the home.

36. There is no historically analogous justification for the prohibition of the broad ban of commonly used firearms by law-abiding citizens for lawful purposes, such as self-defense inside the home.

37. Chief Smith and the MPD are law enforcement authorities subject to the prohibition in 34 U.S.C. § 12601(a), and the officers in their employ are law enforcement officers who act on DC Defendants' behalf in the discharge of their duties, including the duty to process and approve applications for firearm registration within D.C.

---

[2] *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 297 (2025) (unanimous opinion) (noting that "[t]he AR-15 is the most popular rifle in the country").

38. The District of Columbia is a governmental entity within the meaning of 34 U.S.C. § 12601(a) and funds Defendants Chief Smith and the MPD to carry out its duties as required by the D.C. Code.

39. The denial and prohibition of registrations as alleged in *Yzaguirre, et al. v. D.C., et al.*, 1:24-cv-1828 (D. D.C.) are not isolated, peculiar, or accidental incidents.

40. Indeed, unconstitutional law and official policy obligates all DC Defendants to deny registration of Second Amendment-protected firearms that law-abiding citizens possess for lawful use within D.C. and to arrest such individuals for conduct the Second Amendment protects.

41. Accordingly, DC Defendants have engaged, and continue to engage, in a pattern or practice of conduct by law enforcement officers that deprives people of rights secured and protected by the Constitution, in violation of 34 U.S.C. § 12601(a).

42. Unless this Court enjoins DC Defendants and grants the declaratory relief the United States is seeking, all DC Defendants will continue to engage in the pattern or practice of the conduct described above, which deprives law-abiding individuals of their Second Amendment rights to possess firearms protected under the Second Amendment for lawful purposes, such as self-defense in the home.

## PRAYER FOR RELIEF

43. WHEREFORE, the United States hereby prays that the Court grant the following relief:

    a. A declaration that DC Defendants are engaged in a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States in violation of the Violent Crime Control and Law Enforcement Act of 1994, 34 U.S.C. § 12601(b), including, but not limited to:

        i. A declaration that the pattern and practice by DC Defendants of prohibiting registration of the AR-15 by law-abiding citizens violates the Second Amendment; and

    ii. A declaration that the pattern and practice by DC Defendants of prohibiting registration of all other firearms without an automatic firing mechanism and otherwise protected under the Second Amendment that law-abiding citizens possess violates the Second Amendment;

 b. A permanent injunction prohibiting all DC Defendants from arresting and levying fines against otherwise law-abiding citizens for possessing the AR-15 and all other firearms protected by the Second Amendment and being possessed or used for lawful purposes;

 c. A permanent injunction requiring all DC Defendants within a reasonable period of time to enable and allow the registration of firearms protected under the Second Amendment by law-abiding citizens; and

 d. An award of all such additional relief as the interests of justice may require.

DATED: December 22, 2025.   Respectfully submitted:

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

JESUS A. OSETE
Principal Deputy Assistant Attorney General

R. JONAS GEISSLER
Deputy Assistant Attorney General

 */s/ Andrew M. Darlington*

_____
ANDREW M. DARLINGTON
Senior Counsel

GREGORY DOLIN
Senior Counsel

WILLIAM J. HANRAHAN
AUSTIN FULK
Trial Attorneys, Second Amendment Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA